# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


ELUID ESCOBEDO, JR.,

     Petitioner,

v.                                                    CASE NO. 8:12-CV-2686-T-30TBM
                                                CRIM. CASE NO. 8:08-CR-252-T-30TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

     Escobedo's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based conviction for conspiracy to distribute 50 grams or more of a mixture of methamphetamine. Escobedo pleaded guilty and was sentenced to 110 months in prison to be followed by 5 years supervised release (CR Dkt. 92).

     Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The § 2255 motion will be denied because it is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). After the Eleventh Circuit dismissed Petitioner's appeal on November 3, 2009 (CR Dkt. 123), Petitioner did not seek certiorari review in the United States Supreme Court. Thus, his judgment of conviction became final on February 1, 2010. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (deciding that even when a petitioner does not petition for certiorari, his conviction does not become "final" for purposes of § 2255 until the expiration of the ninety-day period); *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002) (explaining that a judgment becomes final on the date on which the U.S. Supreme Court issues a decision on the merits of petitioner's direct appeal or denies certiorari, or after the passage of the ninety days during which a petitioner could seek such review). Pursuant to the mailbox rule,[2] Escobedo's § 2255 motion is considered filed as of November 22, 2012, which is the date he delivered the motion to prison officials

---

[2]*Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").

for mailing (CV Dkt. 1 at docket page 13).  Because the motion was filed after the expiration

of the limitation period on February 1, 2011, Escobedo's § 2255 motion is untimely.[3]

Escobedo concedes that his § 2255 motion is untimely under 28 U.S.C. § 2255(f) (CV

Dkt. 1 at 17).  It is Escobedo's apparent position, however, that the one-year limitation period

is not applicable to his case since he raises a claim that he was incompetent at the time he

entered his plea.  Although Escobedo correctly asserts that in this circuit "substantive

competency claims generally cannot be procedurally defaulted"  *Lawrence v. Sec'y Fla.*

*Dep't of Corr.*, 2012 U.S. App. LEXIS 22387, *44 (11th Cir. Oct. 30, 2012) (citations

omitted), this is not a circumstance where Escobedo defaulted his substantive competency

claim, for example, by failing to raise the claim on direct appeal.  Instead, Escobedo simply

failed to file a timely § 2255 motion.  Escobedo  has cited no authority, and this Court is not

aware of any authority, which stands for the proposition that substantive competency claims

are exempt from the one-year limitation period.

Accordingly, it is **ORDERED** that:

---

[3]"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."
*Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).  "Generally, a litigant seeking equitable tolling bears
the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way."  *Pace  v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Petitioner does not
assert that he is entitled to equitable tolling.  To the extent Petitioner's § 2255 motion may be liberally construed as
asserting that Petitioner is entitled to equitable tolling because he suffers from a mental impairment, this assertion,
without more, is insufficient to justify equitable tolling. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005);
*Bilbrey v. Douglas*, 124 Fed.Appx. 971, 973 (6th Cir.2005) (unpublished) (equitable tolling not applicable because
petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition").

1.     The motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred.  The **Clerk** shall enter judgment against Petitioner, and close this case.

2.     If Petitioner can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.


## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record